The opinion of the court was delivered by
Gibson, J.
The question is, whether the jury may convict one of two defendants, jointly indicted of a misdemeanor,‘and* acquit the other, but direct that he pay the costs. The argument on the part of the defendant in error is, that an acquittal under such eireircumstances would, in respect of the costs, put the party acquitted precisely in the condition of a party convicted; and that there is no greater incongruity in sentencing two or more defendants, severally, to pay the same costs, than there would have been in the case of a joint conviction, or acquittal of both, in sentencing them jointly; because, in either case, payment by the one must necessarily be taken for payment by the other. But this, if followed out, would lead to strange inconsistencies. Where four are on trial, the jury might convict the first, and thus subject him to the costs; acquit the second, and order him to pay the costs; acquit the third, and in respect to him order the county to pay the costs; and, lastly, acquit the fourth, and, under a belief that the prosecution is malicious, as concerns him, order the prosecutor to pay the costs: thus, for different and conflicting reasons, subjecting four distinct parties to bear the same burthen; and we cannot intend the legislature meant that the jury should exercise this *303 power so as to produce consequences so absurd. That such consequences might be produced, is incontrovertible; for, if it be admitted that the power may be exercised in any case where one of the defendants is convicted, it may necessarily be exercised in every case.
But in a case of this kind, we are not to grope for any presumed intention. The act in question being penal in its consequences, must be construed strictly; and the language of the legislature is, that in gil cases of acquittal of a misdemeanor, the jury shall determine whether the county, the prosecutor, or “the defendant, or defendants,” shall pay the costs of prosecution. Now, these words, “ the defendant, or defendants,” are applicable, reddendo singula singulis, to cases where there is but one defendant, and to cases where there are more than one; and the words, “the defendants,” necessarily include all who are on their trial. So that, an exercise of the power where all are not acquitted, is inconsistent with the very words of the act; and no intendment shall prevail against the words of a penal statute.
It has been said, that, where the jury have exercised-this power even properly, it is irregular for the court to render a judgment on their finding; and this, because the legislature has in express terms directed 'fuch a judgment, in pursuance of a finding that the prosecutor pay the costs, and had omitted it, where the costs are ordered to be paid by the defendant. But, without a sentence and commitment in execution, the order of the jury could not be enforced. Even the condition of the defendant’s recognizance, which is, that he shall appear and answer whatever may be alleged against him, abide the sentence of the court, and not depart without license, would not extend to it; and if even it would, a suit on such recognizance would be so inadequate a remedy, as to preclude all reason for supposing that it was in the contemplation of the legislature. But the act of the 18th of March, 1818, which directs, that a jury fee of four dollars be included in the costs of prosecution, uses the word “ adjudged,” which can be predicated only of an act of the court; and uses it, too, as equally applicable to the case of a defendant, as to that of a prosecutor; so that, in this respect they are put on a footing. And it is a matter of no little consideration, that the practice of rendering judgment on a finding of this kind has generally prevailed, since the passing of the original act. The objection for this cause, therefore, fails; but, on the other ground, the judgment is reverséd.
Judgment reversed.